## Fred Johnson v. State.

### No. 2126. Decided January 8, 1913.

### Rehearing Denied February 19, 1913.

**1.—Murder—Statement of Facts—Practice on Appeal.**

In the absence of a statement of facts, the sufficiency of the evidence and the rejection and admission of testimony and the charge of the court cannot be considered.

**2.—Same—Jurisdiction—Transfer of Indictment.**

Where the transfer of the indictment from one court to the other was made when the court to which the indictment was referred had the legal authority to acquire jurisdiction thereof, and the law authorized the filing of the papers in that court, it assumed jurisdiction, and it was not necessary to the legal existence of said court that a term under it should have been held, the Act creating said court being effective at the time the papers were filed.

Appeal from the Criminal District Court No. 2 of Dallas. Tried below before the Hon. Barry Miller.

Appeal from a conviction of murder in the second degree; penalty, five years imprisonment in the penitentiary.

 The opinion states the case.

 *M. T. Lively* and *Lightfoot, Brady & Robertson,* for appellant.

 *C. E. Lane,* Assistant Attorney-General, for the State.

 DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of murder in the second degree, his punishment being assessed at five years confinement in the penitentiary.

 Some of the grounds of the motion for new trial relate to the sufficiency of the evidence, which cannot be considered because the statement of facts is not before the court. Another ground of the motion urges that the court erred in admitting and rejecting testimony. There being no bills of exceptions in the record, these matters cannot be considered. For the same reason the alleged errors in the charge cannot be regarded as erroneous. The charge as given is such as could be applicable to a state of facts provable under the allegations in the indictment.

 The judgment is ordered to be affirmed.

*Affirmed.*

ON REHEARING.

February 19, 1913.

 DAVIDSON, PRESIDING JUDGE.—At a former day of the term the judgment was affirmed, there being no statement of facts or bills of exceptions to be considered.

 A motion for rehearing is filed, alleging that the Criminal District Court No. 2 of Dallas County did not have jurisdiction to try the case. The allegations in the motion are to this effect: That the indictment was preferred in the Criminal District Court of Dallas County by the grand jury empaneled at the July Term 1911; that thereafter, on the 21st of December, by an order made and entered in the Criminal District Court, the indictment was transferred to Criminal District Court of Dallas County No. 2. The claim is made in the motion that Criminal District Court No. 2 at that time could not acquire jurisdiction and that it had no legal existence as such Criminal District Court No. 2; that Criminal District Court No. 2 was created by an Act of the First Called Session of the Thirty-second Legislature and was empowered to hold four terms each year, beginning on the first Monday in April, first Monday in July, first Monday in October and first Monday in January; that the Act did not become a law until ninety days after the adjournment of said special session, which adjournment occurred on the 29th day of August, 1911; that the first term of court which it was possible to hold under said Act would not

begin until the first Monday in January, 1912, that being the beginning of the first term of court provided for in the Act creating the court. It is, therefore, contended that the order made on the 21st day of December, 1911, transferring the indictment and papers from the Dallas Criminal District Court to Criminal District Court No. 2, was null and void, inasmuch as the transfer occurred at a time when Criminal District Court No. 2 did not and could not have had an actual or legal existence. Under the facts stated in this connection we are of opinion the conclusion reached by appellant in his motion for new trial is not legally correct. It was not necessary to the legal existence of the court that a term under it should be held as a prerequisite to its being a legal court. Ninety days after the adjournment of the Legislature,—the 29th of August,—the court became a court under the Act of the Legislature, the law putting the court into existence ninety days after the adjournment. At the expiration of ninety days, which would be the 29th or 30th, as the case may be, of November, 1911, the Criminal District Court No. 2 of Dallas County became a legal Criminal District Court by virtue of that Act. It was not necessary to its existence or its legality as a court that it should hold a term of court on the first Monday in January, 1912. It became a legal existing court, at least, by the 30th of November, if not on the 29th. Therefore, it was legal and the filing of criminal cases any time after the ninety days would be legal and proper. The court could acquire jurisdiction, but could not try a case, of course, until the term of court began which was the first Monday in January following. The transfer of cases then from the Criminal District Court to Criminal District Court No. 2 was legal, and the filing in that court was legal. The court had the legal authority to acquire jurisdiction so far as filing papers, etc., is concerned, and the law authorized the filing of such papers as were to be filed in that court at any time after the Act of the Legislature became operative. This is the only matter necessary to be considered.

Believing the appellant's contention in this respect is not correct nor legal, the motion for rehearing is overruled.

*Overruled.*